IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FERNANDO ESTRADA-HERRERA | § | |
| (BOP Register No. 79570-179), | § | |
| | § | |
| Movant, | § | |
| | § | |
| V. | § | No. 3:16-cv-1299-L-BN |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Movant Fernando Estrada-Herrera, a federal prisoner proceeding *pro se*, has filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence, raising two grounds – that a prior state conviction used to enhance his current (2013) federal sentence is not a "crime of violence," in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), and that his trial counsel was constitutionally ineffective. *See* Dkt. No. 3. United States District Judge Sam A. Lindsay has referred this action to the undersigned United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should dismiss the Section 2255 motion as barred by limitations.

**Background**

Estrada-Herrera pleaded guilty to a single count of illegal reentry after removal from the United States, in violation of 18 U.S.C. § 1326(a) & (b)(2). On September 23,

2013, the Court sentenced him to an above-Guidelines sentence of 76 months' incarceration.

He timely appealed. And, after considering his appellate counsel's motion to withdraw and brief filed in accordance with *Anders v. California*, 386 U.S. 738 (1967) and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011), to which no response was filed, the United States Court of Appeals for the Fifth Circuit, on August 29, 2014, determined that there were no nonfrivolous issues for appellate review, granted counsel's motion to withdraw, and dismissed the appeal.

He did not petition the United States Supreme Court for a writ of certiorari.

Through this – his initial – Section 2255 motion, Estrada-Herrera first challenges a 16-level increase to the offense level used to calculate his Guidelines sentence based on a prior Texas felony conviction for aggravated assault. This challenge is made pursuant to *Johnson*, a decision in which the United States Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act ["ACCA"] violates the Constitution's guarantee of due process," *id.* at 2563, and which the Supreme Court recently made retroactively applicable, *see Welch v. United States*, 136 S. Ct. 1257 (2016). Importantly, *Johnson*'s holding is limited to the residual clause itself. *See* 135 S. Ct. at 2563 ("Today's decision[, invalidating ACCA's residual clause,] does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony.").

Estrada-Herrera also contends that his trial counsel was constitutionally ineffective because counsel allegedly failed to conduct an investigation regarding sentencing exposure.

For the reasons explained below, because *Johnson* affords Estrada-Herrera no relief, the timeliness of his Section 2255 motion cannot be measured under 28 U.S.C. § 2255(f)(3), and, thus, the Court should dismiss his motion as barred by limitations. Here, "it plainly appears from the motion ... that the moving party is not entitled to relief," and, as such, the motion should be summarily dismissed pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts. Because the undersigned recommends dismissal based, in part, on limitations grounds, the period for filing objections to these findings, conclusions, and recommendations accords Estrada-Herrera "'fair notice and an opportunity to present [his] position'" as to limitations. *Wyatt v. Thaler*, 395 F. App'x 113, 114 (5th Cir. 2010) (per curiam) (quoting *Day v. McDonough*, 547 U.S. 198, 210 (2006)); *see also Ingram v. Director, TDCJ-CID*, No. 6:12cv489, 2012 WL 3986857, at *1 (E.D. Tex. Sept. 10, 2012) (a magistrate judge's report and recommendation gives the parties "fair notice that the case may be dismissed as time-barred, which [gives a petitioner] the opportunity to file objections to show that the case should not be dismissed based on the statute of limitation" (collecting cases)); *Sosa-Saucedo v. United States*, No. 6:09cv491, 2011 WL 336456 (E.D. Tex. Jan. 31, 2011) (applying *Day* to Section 2255 motions).

## Legal Standards

Section 2255 proceedings are governed by a one-year statute of limitations. *See*

ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub.L. 104-132, 110 Stat. 1214 (1996) (the "AEDPA"), *codified at* 28 U.S.C. § 2255(f). The statute provides that the limitations period shall run from the latest of –

> (1)    the date on which the judgment of conviction becomes final;

> (2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

The one-year limitations period is also subject to equitable tolling in "rare and exceptional circumstances." *See, e.g., United States v. Riggs,* 314 F.3d 796, 800 n.9 (5th Cir. 2002) (citing *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998)).

> "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotation marks and citation omitted). "[T]he principles of equitable tolling ... do not extend to what is at best a garden variety claim of excusable neglect." *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990). Unfamiliarity with the legal process does not justify equitable tolling. *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999).

*United States v. Kirkham*, 367 F. App'x 539, 541 (5th Cir. 2010) (per curiam).

But "a litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights

diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 755 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). The United States Supreme Court recently reaffirmed "that the second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Id.* at 756 (emphasis in original).

The Supreme Court also has determined that the AEDPA statute of limitations can be overcome by a showing of "actual innocence." *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). But the actual innocence gateway is only available to a petitioner who presents "'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Id.* at 1936 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). That is, the new, reliable evidence must be sufficient to persuade the Court that "'no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* at 1928 (quoting *Schlup*, 513 U.S. at 329); *see also Johnson v. Hargett*, 978 F.2d 855, 859-60 (5th Cir. 1992) ("The Supreme Court has made clear that the term 'actual innocence' means *factual*, as opposed to *legal*, innocence – 'legal' innocence, of course, would arise whenever a constitutional violation by itself requires reversal, whereas 'actual' innocence, as the Court stated in *McCleskey [v. Zant*, 499 U.S. 467 (1991)], means that the person did not commit the crime." (footnotes omitted; emphasis in original)).

## Analysis

Absent the applicability of *Johnson*, in which the Supreme Court, on June 26, 2015, recognized a right that it subsequently made retroactively applicable, *see* 28 U.S.C. § 2255(f)(3), the timeliness of this motion is determined based on "the date on which the judgment of conviction becomes final," *id.* § 2255(f)(1), which, here, was November 27, 2014 – 90 days after August 29, 2014, the date on which the Fifth Circuit entered its judgment dismissing Estrada-Herrera's appeal as frivolous. *See United States v. Olvera*, 775 F.3d 726, 729 (5th Cir. 2015) ("A 'judgment of conviction becomes final' under § 2255(f)(1) when the Supreme Court 'affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.'" (quoting *United States v. Redd*, 562 F.3d 309, 311 (5th Cir. 2009) (in turn quoting *Clay v. United States*, 537 U.S. 522, 527 (2003)))); Sᴜᴘ. Cᴛ. R. 13(1) ("[A] petition for a writ of certiorari ... is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment.").

Accordingly, under Section 2255(f)(1), this Section 2255 motion, which Estrada-Herrera signed on May 4, 2016, was filed more five months after the limitations period expired and clearly is untimely unless equitable tolling applies.

But, as to his non-*Johnson*-based, ineffective-assistance-of-counsel claim, Estrada-Herrera has failed to explain, among other things, what "extraordinary circumstance stood in his way and prevented [his] timely filing" of that claim. *Menominee Indian Tribe*, 136 S. Ct. at 755; *see Holland*, 560 U.S. at 649 (a movant "is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights

diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing" (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005))). As this language implies, "the burden is on" Estrada-Herrera "to show rare, exceptional, or extraordinary circumstances beyond his control that made it impossible for him to timely" raise the non-*Johnson*-based claim in a Section 2255 motion. *Montes v. United States*, No. 3:13-cv-1936-K, No. 3:09–cr-286-K (4), 2014 WL 5286608, at *3 (N.D. Tex. Oct. 15, 2014) (citations omitted). This he has not done.

Therefore, whether this motion is timely turns on whether *Johnson* has any applicability to Estrada-Herrera's sentence. Because, for the reasons below, the undersigned finds that it does not, timeliness cannot be measured under Section 2255(f)(3), and the Court should dismiss this motion as barred by limitations.

Since Estrada-Herrera is challenging the definition of "crime of violence" contained in a provision of the sentencing guidelines, the undersigned acknowledges first that the Fifth Circuit has recognized that its "precedent regarding ACCA's definition of a violent felony is directly applicable to the Guidelines definition of a crime of violence." *United States v. St. Clair*, 608 F. App'x 192, 194 (5th Cir. 2015) (per curiam) ("For our purposes, the [ACCA] definition for a 'violent felony' is identical to the career offender guideline definition for a 'crime of violence.' *Compare* 18 U.S.C. § 924(e)(2)(B)(ii), *with* U.S.S.G. § 4B1.2(a)(2). Moreover, we generally treat cases dealing with the career offender guideline 'interchangeably' with cases dealing with the ACCA. *United States v. Moore*, 635 F.3d 774, 776 (5th Cir. 2011) (per curiam).").

But it appears that the Fifth Circuit has yet to directly decide whether *Johnson* applies to the Guidelines. *See United States v. Gonzalez-Longoria*, 813 F.3d 225, 227 (5th Cir. 2016) ("If Gonzalez–Longoria had challenged [USSG] § 2L1.2 as unconstitutionally vague, we would have to determine whether guideline provisions are immune from vagueness challenges, as the Eleventh Circuit recently held." (citing *United States v. Matchett*, 802 F.3d 1185, 1195 (11th Cir. 2015) ("Because there is no constitutional right to sentencing guidelines – or, more generally, to a less discretionary application of sentences than that permitted prior to the Guidelines – the limitations the Guidelines place on a judge's discretion cannot violate a defendant's right to due process by reason of being vague." (quoting *United States v. Wivell*, 893 F.2d 156, 160 (8th Cir. 1990))))), *reh'g en banc granted*, 815 F.3d 189 (5th Cir. 2016).

In *Gonzalez-Longoria*, the Court of Appeals further noted that it has "not previously decided this issue in a published case, though unpublished cases have agreed with the approach adopted by the Eleventh Circuit." *Id.* at 227-28 (citing *United States v. Velasquez*, No. 06-41469, 2007 WL 2437961, at *1  (5th Cir. Aug. 21, 2007) (per curiam) ("Velasquez's unconstitutional vagueness argument is unfounded because it challenges a Sentencing Guideline, not a criminal statute.")).

It does appear, however, that there is a split among the United States circuit courts of appeals as to *Johnson*'s applicability to the Guidelines. *See, e.g., In re Robinson*, ___ F.3d ____, No. 16-11304-D, 2016 WL 1583616, at *2 n.2 (11th Cir. Apr. 19, 2016) (Martin, J., concurring) (collecting cases).

Estrada-Herrera does not challenge an enhancement under the career offender provision of the Guidelines. Instead, the applicable 16-level enhancement at issue derives from U.S.S.G. § 2L1.2(b)(1)(A)(ii).

> That provision calls for a 16-level increase to the base offense level for illegal reentry if the defendant was previously convicted for a crime of violence and the prior conviction receives criminal history points. *United States v. Ceron*, 775 F.3d 222, 227 (5th Cir. 2014) (citing U.S.S.G. § 2L1.2(b)(1)(A)(ii)). To qualify for the enhancement under § 2L1.2(b)(1)(A)(ii), the crime of conviction must fall within one of two discrete categories of offenses. The first is a list of enumerated offenses.... The other ... is a "catch-all" provision, which defines a crime of violence as an "offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." *Ceron*, 775 F.3d at 227 (citing U.S.S.G. § 2L1.2, cmt. n.1(B)(iii)).

*United States v. Hernandez-Hernandez*, 817 F.3d 207, 211 (5th Cir. 2016) (footnote omitted).

As many courts have noted, "crime of violence" as defined in Section 2L1.2(b)(1)(A)(ii)'s "catch-all" provision is not the same as "violent felony" as defined in ACCA (or "crime of violence" as defined in the career offender provision of the Guidelines):

> The district court's confusion in this respect is understandable, for we have observed that whether a crime constitutes a "violent felony" under the ACCA involves an inquiry strikingly similar to that in determining whether a conviction is a "crime of violence" under U.S.S.G. § 4B1.1(a) inasmuch as the definitions for both are virtually identical. However, the sentencing guideline at issue in this case, U.S.S.G. § 2L1.2, defines "crime of violence" very differently than the ACCA does, so cases dealing with the definition of a "violent felony" under the ACCA are not applicable here.

*United States v. Contreras*, 739 F.3d 592, 598 (11th Cir. 2014) (citing *United States v. Harris*, 586 F.3d 1283, 1285 (11th Cir. 2009), and *United States v. Cortes-Salazar*, 682

F.3d 953, 957 (11th Cir. 2012); some internal quotation marks omitted); *see also Ontiberos-Silberio v. United States*, Case No. 1:15-cv-213 & Crim. No. B-13-282-1, 2016 WL 922434, at *4 (S.D. Tex. Jan. 29, 2016), *rec. adopted*, 2016 WL 1047395 (S.D. Tex. Mar. 9, 2016) ("Section 2L1.2(a) does not have a residual clause resembling the clause in the ACCA. Likewise, § 2L1.2(b)(1)(A)(ii) does not have a residual clause resembling the clause in the ACCA." (citations omitted)).

Finally, Estrada-Herrera's previous conviction used for enhancement purposes was a 2001 conviction for aggravated assault in Dallas County, Texas, for which he was sentenced to two years' incarceration and for which he received criminal history points in the applicable presentence report. As the Fifth Circuit has noted, "Texas Penal Code § 22.02 defines the offense of aggravated assault in a manner that is substantially similar to the definition of aggravated assault set forth in the Model Penal Code.... [A] Texas conviction for aggravated assault thus qualifies as the enumerated offense of aggravated assault under the Guidelines." *United States v. Delgado-Salazar*, 252 F. App'x 596, 598 (5th Cir. 2007) (per curiam) (internal citations omitted). Thus, Section 2L1.2(b)(1)(A)(ii)'s "catch-all" provision, and its definition of "crime of violence" – to which *Johnson* does not apply – is not even implicated by the facts of this case. *Cf. Johnson*, 135 S. Ct. at 2563 (the decision invalidating ACCA's residual clause, "does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony").

## Recommendation

The Court should dismiss the Section 2255 motion as barred by limitations.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 13, 2016

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE